PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JERRY N. TENNEY, *et al.*, ) | |
| ) | CASE NO. 4:13cv1331 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| THE HOME SAVINGS AND LOAN ) | |
| COMPANY OF YOUNGSTOWN, OHIO, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Regarding ECF No. 6] |

On June 17, 2013, Defendant The Home Savings and Loan ComX6 diskpany of Youngstown, Ohio ("Home Savings"), removed the instant action from state court on the basis of federal question jurisdiction. ECF No. 1 at 1, 7. In the Notice of Removal, Home Savings asserts that Plaintiffs' Complaint (ECF No. 1-1) contains state law claims that necessarily raise a disputed federal issue. ECF No. 1 at 7. The Court, unsatisfied that the state law claims alleged in the Complaint survive the test for substantial federal question subject matter jurisdiction, instructed the parties to file supplemental briefing on the issue. ECF No. 5. Plaintiffs responded with a Motion for Remand (ECF No. 6), and Home Savings opposed the motion (ECF No. 7). The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons that follow, the Court grants Plaintiffs' motion and remands the case to state court.

**I. Background**

This action was brought in state court by Plaintiffs Jerry and Agnes Tenney for damages,

(4:13cv1331)

declaratory relief, an equitable accounting, and injunctive relief. ECF No. 1-1 at 2, 21. Plaintiffs allege state law claims against Home Savings, an Ohio bank, for fraud, breach of fiduciary duty, negligent misrepresentation and breach of contract stemming from Home Savings' conduct regarding two promissory notes and four mortgages. ECF No. 1-1 at 14-20.

In the Complaint, Plaintiffs asserts the following: that on or about October 22, 2002, Plaintiffs jointly executed two promissory notes to Home Savings; "Note 3218," and "Note 3217." ECF No. 1-1 at 3-4. Concurrent with the execution of the promissory notes, Plaintiffs executed four mortgages, which were recorded. ECF No. 1-1 at 4. According to Plaintiffs, on or about August 4, 2004, Home Savings assigned and transferred Note 3218 and one mortgage to First Bank of Beverly Hills F.S.B. ("FBBH"), which was recorded. ECF No. 1-1 at 5. Plaintiffs also allege Home Savings assigned Note 3217 and the three remaining mortgages to FBBH, although these were not recorded. ECF No. 1-1 at 5.

FBBH ceased operations in April 2009, and the Federal Deposit Insurance Company ("FDIC") was appointed Receiver. ECF No. 1-1 at 6. Plaintiffs aver that, thereafter, the FDIC assigned both notes and all four mortgages to 2010-1 CRE Venture, LLC ("CRE"). ECF No. 1-1 at 6. Plaintiffs claim that Home Savings did not notify them of the original assignment to FBBH, and only later notified them of the transfer of the loan servicing on Note 3218 to CRE. ECF No. 1-1 at 5, 7. Nevertheless, Plaintiffs claim, Home Savings improperly continued collection of payments despite no longer having an interest in the notes and mortgages. ECF No. 1-1 at 8-10. Plaintiffs allege that further attempts to refinance the loans were met with "evasive responses." ECF No. 1-1 at 13.

2

(4:13cv1331)

Home Savings removed the case to the instant Court (ECF No. 1), then filed a Motion to Dismiss pursuant to Fed. R. Civ. Pro 12(b)(6) (ECF No. 4). In its Notice of Removal pursuant to 28 U.S.C. § 1441(a), Home Savings argues the Court has subject matter jurisdiction and removal is proper because Plaintiffs' state law claims implicate significant federal issues. ECF No. 1 at 7. Home Savings contends that the Complaint "necessarily raises a disputed federal issue; namely, whether the FDIC, as receiver for FBBH, had authority under 12 U.S.C. 1811 *et. seq*. . . to assign loans and mortgages to CRE when there is no documentation evidencing that Home Savings assigned Note 3217 and three of the four mortgages." ECF No. 1 at 7.

Plaintiffs, in support of their motion, maintain that: the Complaint alleges only state law claims; "[t]he FDIC is not and never has been a party to the instant action"; Home Savings does not allege specific violations of 12 U.S.C. § 1811 *et seq*.; the "FDIC had no interest in or connection with Defendant's assignment of the subject notes and mortgages to FBBH"; and "the issue involving the FDIC assignment thereof is a separate matter outside the scope of the instant action" and "should be disregarded in the Court's subject matter jurisdiction analysis." ECF No. 6 at 3.

## II. Legal Standard

"'In order to invoke a district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. Further, '[t]he burden of showing that the district court has original jurisdiction is on the party seeking removal.'" *Brittingham v. General Motors,* 526 F.3d 272, 276-77 (6th Cir. 2008), quoting *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Her Majesty the Queen in Right of the Province of Ontario v. City of*

(4:13cv1331)

*Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *see also* 28 U.S.C. § 1441(a). Moreover, "because they implicate federalism concerns, removal statutes are to be narrowly construed." *Long*, 201 F.3d at 757, citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

The United States Supreme Court has recognized that federal question jurisdiction may exist where there are "'state-law claims that implicate significant federal issues.'" *Hampton v. R.J. Corman Railroad Switching Co.*, LLC, 683 F.3d 708, 712 (6th Cir. 2012), quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). In other words, jurisdiction exists if state law claims implicate a substantial federal question.

The test for substantial federal question subject matter jurisdiction is whether "(1) the state-law claim…necessarily raise[s] a disputed federal issue; (2) the federal interest in the issue [is] substantial; and (3) the exercise of jurisdiction [does] not disturb any congressionally approved balance of federal and state judicial responsibilities." *United States v. City of Loveland*, 621 F.3d 465, 472 (6th Cir. 2010), quoting *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (en banc), citing *Grable*, 545 U.S. at 314. Applying these principles, the Court considers the parties' arguments.

### III. Analysis

#### A. Disputed Federal Issue

In support of its argument that the instant matter raises a disputed federal issue, Home Savings attempts to align the instant matter to the facts in *Loveland* and *Grable*. ECF No. 7 at 4-7. In *Loveland*, the district court had subject matter jurisdiction because the case involved the interpretation of a consent decree over which the district court had retained jurisdiction. 621

4

(4:13cv1331)

F.3d at 468. The consent decree had been negotiated by the parties, including the United States, as a result of two separate lawsuits involving the Clean Water Act. *Id*. at 468, 472.

The matter in *Grable* raised a disputed federal issue involving whether the notice given by the IRS was sufficient. 545 U.S. at 311. The plaintiff claimed the federal statute regarding notice should be interpreted to require personal service, whereas the IRS had notified him *via* certified mail. *Id*. Thus, an actual disputed federal issue was raised— the interpretation of a federal statute regarding the kind of notice a federal agency was required to effect. *Id*. at 314-15.

The instant matter is not analogous to either of those cases. The issue before the Court is not related to a prior agreement (over which the Court retained jurisdiction) resolving litigation brought pursuant to a federal law, as in *Loveland*. Nor is the Court required to interpret a federal statute, as in *Grable*. Additionally, Home Savings' presentation of the issue, in the instant case, as one in which the Court must resolve the meaning of the word "assets" in 12 U.S.C. § 1821(d)(2) in order to decide whether the FDIC had authority to transfer Note 3217 and the three mortgages, is not an accurate description of the issue before the Court.[1] *See* ECF No. 7 at 8. Plaintiffs do not allege the FDIC lacked the statutory authority to transfer particular assets or what constitutes an "asset." Rather, the relevant events Plaintiffs challenge are the initial alleged assignment of Note 3217 and three mortgages by Home Savings to FBBH and the allegedly improper conduct by Home Savings that followed. Plaintiffs do not allege that the FDIC acted outside the scope of its authority or committed any wrongdoing.

---

[1] 12 U.S.C. § 1821(d) sets forth the "Powers and duties of Corporation as conservator or receiver."

(4:13cv1331)

Rather, it is Home Savings that appears to allege that the FDIC was not authorized to assign Note 3217 and the three mortgages. *See* ECF No.7 at 3. To the extent Home Savings' interpretation of the action compels it to assert potential defenses that potentially raise a disputed federal issue,[2] it is settled law that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986), citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (a court looks only to the plaintiff's complaint to determine whether a federal question is presented). Because Plaintiffs' Complaint does not present a federal question or involve a disputed federal issue, the Court lacks subject matter jurisdiction over the action, necessitating remand.

### B. Costs and Attorney Fees

Plaintiffs additionally request costs and attorney fees incurred as a result of Home Savings' removal pursuant to 28 U.S.C. § 1447(c), which Plaintiffs allege was "improper." ECF No. 6 at 3. Attorney fees may be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008), quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Home Savings argues that it had an objectively reasonable basis for seeking removal because the Complaint "expressly seeks relief that would eliminate Home Savings' mortgage interest . . . and each of Plaintiffs' substantive state-law claims are premised on arguments that

---

[2] Home Savings did not file an Answer, but filed a motion to dismiss in which it challenges the sufficiency of the Complaint and asserts arguments based upon Ohio law. ECF No. 4.

6

(4:13cv1331)

the FDIC's assignment to CRE deprives Home Savings of any mortgage interest." ECF No. 7 at 13. Home Savings also states that it "articulated an analysis of the similarity between this case and *Grable* and *Loveland*." ECF No. 7 at 13. Although Home Savings' analysis is not seaworthy, it is not an objectively unreasonable argument. Moreover, there does not appear to be an improper purpose for the removal, such as delay or imposition of costs on Plaintiffs, nor do Plaintiffs make such an argument. *See* Wartham, 549 F.3d at 1060 (the fees provision in 1447(c) "reduc[es] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff, quoting *Martin*, 546 U.S. at 140). Accordingly, Plaintiffs' request for attorney fees is denied.

### IV. Conclusion

For the reasons stated above, the Court grants Plaintiffs' Motion to Remand (ECF No. 6). The case is remanded to the state court from which it was removed, 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

IT IS SO ORDERED.

  July 17, 2013                                  */s/ Benita Y. Pearson*
Date                                              Benita Y. Pearson
                                                  United States District Judge